# UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

In Re:

**RONALD DALLEY**

Chapter: **13**
Case Number: **5-15-05200**

Debtor(s)

## CERTIFICATE OF MAILING

The undersigned employee in the office of:

Tullio DeLuca, Esquire

hereby certifies that a copy of the attached Notice & Debtor's 2nd Amended Plan were mailed today to all parties named on the mailing list attached hereto by regular first class mail.

DATED: Sept. 20, 2016

SIGNED: _Lena Henley_

TITLE: Secretary

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

In Re: Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, and trade):

| RONALD DALLEY | Chapter: | 13 |
|---|---|---|
| Debtor(s) | Case Number: | 5-15-05200 |

## NOTICE

The confirmation hearing on the __2nd__ Amended Plan ("Plan") has been scheduled for the Debtor(s) at the following date, time and location:

Date: November 15, 2016    Time: 9:30 am

Location: Courtroom 2,

197 S. Main St., Wilkes-Barre, PA

The deadline for filing objections to confirmation of the Plan is: October 21, 2016

**For cases before the Hon. Mary D. France (indicated in the Case No. with the initials "MDF"):**
Evidentiary hearings will not be conducted at the time of the confirmation hearing. If it is determined at the confirmation hearing that an evidentiary hearing is required, an evidentiary hearing will be scheduled for a future date.

**For cases before the Hon. John J. Thomas or the Hon. Robert N. Opel, II (indicated in the Case No. with the initials "JJT" or "RNO" respectively):**
Any objections to confirmation of the plan will be heard at the above-scheduled confirmation hearing. Counsel should be prepared to proceed on any unresolved objections to the plan at this time.

A copy of the Plan is enclosed with this Notice. A copy also may be obtained from the case docket through PACER or from the Bankruptcy Clerk's Office.

Requests to participate in a hearing telephonically shall be made in accordance with Local Bankruptcy Rule 9074-1(a).

Date: 9/20/16    Filed by: Tullio DeLuca, Esquire

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| RONALD DALLEY | : | |
| f/d/b/a Alpine Contracting | : | |
| | : | CASE NO. 5-15-05200 |
| Debtor(s) | : | |
| | : | |
| | : | (Indicate if applicable) |
| | :( ) # MOTION(S) TO AVOID LIENS | |
| | :( )# MOTION(S) TO VALUE COLLATERAL | |
| | :( )ORIGINAL PLAN | |
| | :( x )SECOND AMENDED PLAN | |
| | :(Indicate 1st, 2nd, 3rd, etc) | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

## PLAN PROVISIONS

**DISCHARGE: (Check one)**

( x )  the Debtor will seek a discharge of debts pursuant to Section 1328(a).

(  )  the Debtor is not eligible for a discharge of debts because the Debtor has previously received a discharge described in Section 1328(f).

**NOTICE OF SPECIAL PROVISIONS: (Check if applicable)**

( x )  this plan contains special provisions that are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. Those provisions are set out in Section 8 of this Plan. Other than to insert text into the designated spaces or to expand the tables to include additional claims, the preprinted language of this form may not be altered. This does not mean that the Debtor is prohibited from proposing additional or different plan provisions in section 8. The Debtor may propose additional or different plan provisions or specify that any of the provisions will not be applicable, provided however, that each such provision or deletion shall be set forth herein in section 8.

1.  **PLAN FUNDING AND LENGTH OF PLAN**

    A.  <u>Plan payments:</u>

1. To date, the Debtor(s) has paid $6,468.00 (enter $0 if no payments have been made to the Trustee to date). Debtor(s) shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor(s) shall make conduit payments through the Trustee as set forth below. The total base plan is $63,148.00, plus other payments and property stated in Paragraph B below:

| Start mm/yy | End mm/yy | Plan Payment | Estimated Conduit Payment | Total Payment |
|---|---|---|---|---|
| 2/16 | 09/16 | $636.00 | | $6,468.00 |
| 10/16 | 1/21 | $1,090.00 | | $56,680.00 |
| | | | | $63,148.00 |

2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and the attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding accordingly. Debtor(s) is responsible for all post-petition mortgage payments due prior to the initiation of conduit mortgage payments.

3. Debtor(s) shall take appropriate action to ensure that all applicable wage attachments are adjusted to confirm to the terms of the plan.

4. CHECK ONE:  ( x) Debtor(s) is at or under median income
   ( ) Debtor(s) is over median income. Debtor(s) calculates that a minimum of $0.00 must be paid to unsecured, non-priority creditors in order to comply with the Means Test.

B. <u>Liquidation of Assets</u>

   1. In addition to the above specified plan payments, Debtor(s) shall dedicate to the plan proceeds in the estimated amount of $_____ from the sale of property known and designated as _____. All sales shall be completed by _____, 20___. If the property does not sell by the date specified, then the disposition of the property shall be as follows:
   _____

   2. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows:
   N/A

   3. The Debtor estimates that the liquidation value of this estate is $ 0.00 (Liquidation value is calculated as the value of all non-exempt assets after

the deduction of valid liens and encumbrances and before the deduction of the Trustee fees and priority claims.

2. **SECURED CLAIMS**

   A. <u>Pre-Confirmation Distributions</u>. Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor

| Name of Creditor | Address | Account # | Estimated Monthly Payment |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

Upon receipt, Debtor shall mail to the Trustee all notices from mortgagees including statements, payment coupons, impound and escrow notices, and notices concerning changes o the interest rate on variable interest rate loans. If any such notice informs the Debtor that the amount of the payment has increased or decreased, the change in the plan payment to the Trustee will not require modification of this plan.

   B. <u>Mortgages and Other Direct Payments by Debtor</u>. Payments will be made outside the plan according to the original contract terms, with no modification of contract terms and with liens retained. All mortgage and other lien claim balances survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Contractual Monthly Payment | Principal Balance of Claim |
|---|---|---|---|

| | | | | |
|---|---|---|---|---|
| Wells Fargo Home Mortgage<br>One Home Campus<br>Attn: Bankruptcy Dept.<br>MAC X2302-04c<br>Des Moines, IA 50328<br>Acct No. 7080 | 4037 Valley of Lakes, Hazleton, PA 18202 a/k/a 46Muskegon Circle, Hazleton, PA 18202 | $1,602.00 Debtor has applied for a loan modification and the loan modification may alter and modify the monthly payment amount stated in Paragraph 2B. | | $208,631.00 |

    C.    <u>Arrears</u>. The Trustee shall distribute the amount of pre-petition arrearages set forth in the allowed proof of claim to each secured creditor set forth below. If the Debtor of the Trustee objects to a Proof of Claim and the Objection is sustained, or if the plan provides for payment of amounts greater that the allowed Proof of Claim, the creditor's claim will be paid in the amount allowed by the Court.

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-Petition arrears to be cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| Wells Fargo Home Mortgage<br>One Home Campus<br>Attn: Bankruptcy Dept.<br>MAC X2302-04c<br>Des Moines, IA 50328<br>Acct No. 7080 | 4037 Valley of Lakes, Hazleton, PA 18202 a/k/a 46 Muskegon Circle, Hazleton, PA 18202 | $55,798.00 | N/A | $0.00<br><br>Debtor has applied and was approved for a loan modification. Debtor is in the process of finalizing the documents. |

    D.    <u>Secured Claims Paid According to Modified Terms</u>. These amounts will be paid in the plan according to modified terms, and liens retained until entry of discharge. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. THE LIENS WILL BE AVOIDED OR LIMITED THROUGH THE PLAN OR DEBTOR(S) WILL FILE AN

ADVERSARY ACTION TO DETERMINE THE EXTENT, VALIDITY, AND PRIORITY OF THE LIEN (Select method in last column):

| Name of Creditor | Description of collateral | Modified Principal Balance | Interest Rate | Total Payment | Plan* or Adversary Action |
|---|---|---|---|---|---|
| American Builders and Contractors Supply | 4037 Valley of Lakes, Hazleton, PA 18202 a/k/a 46 Muskegon Circle, Hazleton, PA 18202 | $0.00 | N/A | $0.00 | Adversary |
| M&T Bank | 4037 Valley of Lakes, Hazleton, PA 18202 a/k/a 46 Muskegon Circle, Hazleton, PA 18202 | $0.00 | N/A | $0.00 | Adversary |

*"PLAN" INDICATES THAT THE DEBTOR(S) PROPOSES TO AVOID OR LIMIT THE LIEN OF THE CREDITOR IN THIS PLAN. CONFIRMATION OF THE PLAN SHALL CONSTITUTE A FINDING OF VALUATION PURSUANT TO SECTION 506(a). NO ADVERSARY COMPLAINT OR MOTION WILL BE FILED AND THE LIEN WILL BE AVOIDED BY A CONFIRMATION ORDER UPON DISCHARGE. IF THE CREDITOR WISHES TO CONTEST THE AVOIDANCE OF THE LIEN, THE CREDITOR MUST FILE AN OBJECTION TO THIS PLAN. OTHERWISE, CONFIRMATION OF THE PLAN WILL AVOID THE LIEN UPON DISCHARGE.

E. Other Secured Claims. (Including conduit payments)

| Name of Creditor | Description of collateral | Principal balance of Claim | Interest Rate | Total to be paid in the plan |
|---|---|---|---|---|
| Fifth Third Bank | 2008 Dodge 1500 Truck | $15,874.23 | 7.99% $3,434.00 | $19,308.23 |
| Eagle Rock Community Association | 4037 Valley of Lakes, Hazleton, PA 18202 a/k/a 46Muskegon Circle, Hazleton, PA 18202 | $1,200.00 | NA | $1,200.00 |

| PA Dept of Revenue | personal property listed on Schedule B | $860.30 | 3% $67.00 | $927.30 |
| Internal Revenue Service | personal property listed on Schedule B | $4,259.00 | 3% $333.00 | $4,592.00 |

    F.    Surrender of Collateral: Debtor(s) surrenders the following assets to secured creditors. Upon confirmation of the plan, bankruptcy stays are lifted as to the collateral to be surrendered. This provision does not prejudice a creditor's right to move to lift the stay prior to confirmation.

| Name of Creditor | Description of collateral to be Surrendered |
|---|---|
| | |
| | |

    G.    Lien Avoidance. The Debtor moves to avoid the following judicial and/or nonpossessory, non-purchase money liens of the following creditors pursuant to Section 522(f) (this section should not be used for statutory or consensual liens such as mortgages):

| Name of Creditor | Description of collateral |
|---|---|
| | |

    H.    Optional provisions regarding duties of certain mortgage holders and servicers. Property of the estate vests upon closing of the case, and Debtor elects to include the following provision (Check if applicable)

( X ) Confirmation of the Plan shall impose an affirmative duty on the holders and/or servicers of any claims secured by liens, mortgages and/or deeds of trust on the principal residence of the Debtor to do the following:

    (1)    Apply the payments received from the Trustee on the pre-petition arrearage, if any, only to such arrearage. For purposes of this plan, the "pre-petition arrearage" shall include all sums included in the "allowed" proof of claim and shall have a "0" balance after both: (1) the Discharge Order in this case has been entered; and (2) payment in full of the allowed proof of claim has been made.

    (2)    Deem the pre-petition arrearage as contractually current upon confirmation of the plan, thereby precluding the imposition of late payment charges or other default-related fees and services based solely on the pre-petition default or defaults.

(3) Apply the post-petition monthly mortgage payments made by the Debtor to the post-petition mortgage obligations as provided for by the terms of the underlying mortgage note. Late charges may be assessed on post-petition payments as provided by the terms of the mortgage and note.

### 3. PRIORITY CLAIMS

A. Allowed unsecured claims entitled to priority under section 1322(a) will be paid in full unless modified under paragraph 8:

| Name of Creditor | Estimated Total Payment |
| --- | --- |
| Internal Revenue Service | $28,420.30 |
| PA Department of Revenue | $1,711.07 |

B. <u>Administrative Claims</u>:

(1) Trustee fees. Percentage fees payable to the trustee will be paid at the rate fixed by the United States Trustee, not to exceed 10%.

(2) Attorney fees. Check one box:

( x ) In addition to the retainer of $ 1,000.00. Already paid by the Debtor, the amount of $3,00000 in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2.

( ) $_____ per hour, to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the requested amount of compensation approved by the Court.

(3) Other administrative claims:

| Name of Creditor | Estimated Total Payment |
| --- | --- |
|  |  |

### 4. UNSECURED CLAIMS

A. <u>Claims of Unsecured nonpriority Creditors Specially Classified</u>. Includes unsecured claims, such as co-signed unsecured debts, that will be paid in full even though all other unsecured claims may not be paid in full.

| Name of Creditor | Reason for Special Classification | Amount of Claim | Interest Rate | Total Payment |
|---|---|---|---|---|
| | | | | |

B. <u>Claims of General Unsecured Creditors</u>. All remaining allowed unsecured claims shall receive a pro-rata distribution of any funds remaining after payment of the other classes.

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** The following executory contracts and unexpired leases are assumed (and pre-petition arrears to be cured in the plan) or rejected (so indicate):

| Name of Creditor | Description of Collateral | Monthly Payment | Interest Rate | Pre-petition Arrears | Total Payment | Assume/ Reject |
|---|---|---|---|---|---|---|
| | | | | | | |

6. **REVESTING OF PROPERTY:** (Check One)

( )   Property of the estate will vest in the Debtor upon confirmation.(Not to be used with paragraph 2H)

( x ) Property of the estate will vest in the Debtor upon closing of the case.

7. **STUDENT LOAN PROVISIONS**

   A.   <u>Student loan provisions</u>. This plan does not seek to discharge student loan(s) except as follows: (NOTE: If you are not seeking to discharge a student loan(s), do not complete this section:

| Name of Creditor | Monthly Payment | Interest Rate | Pre-petition Arrears | Total Payment |
|---|---|---|---|---|
| | | | | |

8. **Other Plan Provisions**
   A.   Include the additional provisions below or on an attachment. (NOTE: The Plan and any attachment must be filed as one document, not as a plan and exhibit.)

**The following is a summary of the creditors and amounts to be paid by the Trustee pursuant to this Plan:**

| | |
|---|---|
| Chapter 13 Trustee | $ 3,747.10 (est.) |
| Tullio DeLuca, Esq., | $ 3,000.00 |
| Fifth Third Bank | $ 19,308.23 |
| Eagle Rock Community Assoc. | $ 1,200.00 |
| PA Dept of Revenue | $   927.30 (allowed secured claim) |
| Internal Revenue Service | $ 4,592.00 (allowed secured claim) |

|  |  |
|---|---|
| Internal Revenue Service | $ 28,420.30 priority claim |
| PA Dept of Revenue | $ 1,711.07 priority claim |
| Unsecured Creditors - Pro-rata basis | $ 242.00 |
| Total: | $ 63,148.00 |

**The Chapter 13 Trustee payment shall be made to the following address:**

CHARLES J. DEHART, III, ESQ.
P.O. BOX 7005
LANCASTER, PA 17604

9. **ORDER OF DISTRIBUTION:**
Payments from the plan will me made by the trustee in the following order:

Level 1: _____
Level 2: _____
Level 3: _____
Level 4: _____
Level 5: _____
Level 6: _____
Level 7: _____
Level 8: _____

If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

| Level 1: | Adequate protection payments. |
|---|---|
| Level 2: | Debtor's attorney's fees. |
| Level 3: | Domestic Support Obligations. |
| Level 4: | Secured claims, pro rata. |
| Level 5: | Priority claims, pro rata. |
| Level 6: | Specially classified unsecured claims. |
| Level 7: | General unsecured claims. |
| Level 8: | Untimely filed unsecured claims to which the Debtor has not objected. |

**GENERAL PRINCIPLES APPLICABLE TO ALL PLANS**
All pre-petition arrears and cramdowns shall be paid to the trustee and disbursed to creditors through the plan.

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the trustee will treat the claim as allowed, subject to objection by the Debtor. Claims filed after the bar date that are not properly served on the trustee will not be paid. The Debtor is responsible for reviewing claims and filing objections, if appropriate.

Dated  September 20, 2016          /s/Tullio DeLuca
                                    Attorney for Debtor

AAS Debt Recovery, Inc.
PO Box 129
Monroeville, PA 15146-0129

James W Adelman
Morris and Adelman PC
201 N. Presidential Blvd., S/100
PO Box 2235
Bala Cynwyd, PA 19004-6235

Advanta Bank Corporation
Resurgent Capital Services
PO Box 10368
Greenville, SC 29063-0368

Advanta Credit Cards
PO Box 9217
Old Bethpage, NY 11804-9017

M&T Bank
1100 Wehrle Dr.
Williamsville, NY 14221-7748

American Builders & Contractors Supply
7590 Route 30
N. Huntingdon, PA 15642-7518

American Builders & Contractors Supply
1 ABC Parkway
Beloit, WI 53511-4466

American Express
PO Box 981535
El Paso, TX 79998-1535

American Express Bank FSB
c/o Becket and Lee LLP
PO Box 3001
Malvern, PA 19355-0701

American InfoSource LP as agent for
Directv, LLC
PO Box 5008
Carol Stream, IL 60197-5008

Bank of America
PO Box 982238
El Paso, TX 79998-2238

Capital One
PO Box 30285
Salt Lake City, Utah 84130-0285

Capital One Bank (USA), NA
PO Box 71083
Charlotte, NC 28272-1083

Chase
PO Box 15298
Wilmington, Delaware 19850-5298

M&T Bank
PO Box 1508
Buffalo, NY 14240-1508

Joseph Angelo Dessoye
Phelan Hallinan, LLP
1617 JFK Blvd., Buite 1400
Philadelphia, PA 19103-1814

Maple Rock Community Association
1 Country Club Drive
Hazle Township, PA 18202-9169

Fifth Third Bank
MD# ROPS05 Bankruptcy Dept.
1850 East Paris SE
Grand Rapids, MI 49546-6253

Fifth Third Bank
PO Box 9013
Addison, TX 75001-9013

Fifth Third Bank of Chicago
38 Fountain Square, Maildrop 1MOC2J
Cincinnati, OH 45263-0001

First Federal Bank
12 East Broad St.
Hazleton, PA 18201-6521

First National Bank of Pennsylvania
4140 East State St.
Hermitage, PA 16148-3401

Getman & Biryla, LLP
800 Rand Building
14 Lafayette Square
Buffalo, NY 14203-1995

Joshua I Goldman
KML Law Group, PC
701 Market St.
Suite 5000
Philadelphia, PA 19106-1541

Internal Revenue Service
Special Procedures Branch
PO Box 7346
Philadelphia, PA 19101-7346

Lezzer Lumber, Inc
2008 Marietta Ave.
Lancaster, PA 17603-2206

Souchuck Lumber
622 Center St.
Shenandoah, PA 17976-1898

The Bureaus Inc.
650 Dundee Road, Ste 370
Northbrook, IL 60062-2757

Synchrony Bank/Lowes
Attn: Bankruptcy Dept.
PO Box 965060
Orlando, Florida 32896-5060

Wells Fargo Home Mortgage
One Home Campus
Attn: Bankruptcy Dept.
MAC X2302-04c
Des Moines, Iowa 50328-0001

| | | |
|---|---|---|
| Martin A Mooney<br>Schiller, Knapp, Lefkowitx & Hertzel LLP<br>950 New Loudon Road<br>Buite 109<br>Latham, NY 12110-2100 | PA Dept. Of Revenue<br>Bankruptcy Division<br>Dept. 280946<br>Harrisburg, PA 17128-0496 | Quantum3 Group LLC as agent for<br>Absolute Resolutions VI LLC<br>PO Box 788<br>Kirkland, WA 98083-0788 |
| Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 | Wells Fargo Bank NA/Wells Fargo Home<br>Mortgage<br>MAC X7801-014<br>3476 Stateview Blvd.<br>Fort Mill, SC 29715-7203 | |